IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADOFF, et al.

v. : Civil Action No. DKC 09-1557

PROTUS IP SOLUTIONS, INC.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Telephone Consumer Protection Act ("TCPA") case is Plaintiffs' motion to remand this case to state court. (Paper 9). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Plaintiffs' motion and remand this case to the Circuit Court for Montgomery County.

## I. Background

Plaintiffs Stanley Adoff, et al. filed this lawsuit in the Circuit Court for Montgomery County, Maryland against Defendant Protus IP Solutions, Inc., a Canadian corporation. (Paper 2). Plaintiffs alleged that Defendant violated state and federal law by transmitting unsolicited advertisements via facsimile. On June 12, 2009, Defendant removed the case to this court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a). (Paper 1). Absent a federal question,

removal under § 1441 requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a). There is no dispute that diversity of citizenship exists between Plaintiffs and Defendant, but Plaintiffs filed their motion to remand alleging that the amount in controversy does not meet the $75,000 statutory minimum. (Paper 9, at 1). The *ad damnum* clause in Plaintiffs' complaint states: "Each Plaintiff seeks damages in the amount of $74,500 including all damages and costs recoverable on the merits, and no one plaintiff seeks damages in excess of $74,500." (Paper 2, at 20). In Plaintiffs' motion to remand, Plaintiffs argue that their individual claims, including attorneys' fees, are worth no more than $74,500 per Plaintiff and that the court does not have jurisdiction to hear the case. (Paper 9, at 1). Defendant contends that Plaintiffs' claims will meet or exceed the statutory minimum. (Paper 18, at 1).

## II. Motion to Remand

### A. Standard of Review

On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp.

700, 701-2 (D.Md. 1997) (internal quotation omitted); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). The court determines diversity jurisdiction as of the date the suit was filed in state court and at the time of removal. *See, e.g., Porche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002); *Kessler v. Home Life Ins. Co.*, 965 F.Supp. 11, 12 (D.Md. 1997). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also Gardner v. AMF Bowling Ctr., Inc.*, 271 F.Supp.2d 732, 733 (D.Md. 2003) (citing *St. Paul*).

The burden is on the defendant to support the exercise of jurisdiction when a case is removed from state court. *Delph v. Allstate Home Mortgage, Inc., 478 F.Supp.2d 852, 854* (D.Md. 2007). As the United States Court of Appeals for the Fourth Circuit reiterated:

> The black letter rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

*Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007). Judge Blake explained the analysis as follows:

> Generally, the amount requested in the complaint determines the amount in controversy. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 513 (2d Cir. 1957)).
>
> * * * *
>
> In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint.[2] Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit explained:
>
>> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading

> containing a specified demand of damages and signed by a lawyer was due deference and a presumption of truth. We concluded that the defendant's burden was a 'heavy one' and the legal certainty standard was therefore appropriate.

*Id.* at 1356 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[3] *Gilman v. BHC Secur., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997); *Tapscott*, 77 F.3d at 1356; *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Gafford v. General Elec. Co.*, 997 F.2d 150, 155-61 (6th Cir. 1993); Shaw, 994 F.2d at 366; *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In such cases, "[A] lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott*, 77 F.3d at 1357 (citing *Gafford*, 997 F.2d at 160).

---

[2] The Fourth Circuit has not articulated the precise standard to be applied in ascertaining the amount in controversy for diversity jurisdiction.

[3] For a full discussion of the alternative standards of proof used by federal courts in assessing what a defendant needs to show to satisfy the amount in controversy requirement, see *Penn v. Wal-Mart Stores*, Inc., 116 F.Supp.2d 557, 562-67 (D.N.J. 2000).

*Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp.2d 506, 509-10 (D.Md. 2002).

**B. Analysis**

Plaintiffs request the following relief in their complaint: 1) $500 per violation of the TCPA that was not willful or knowing; 2) $1500 per violation of the TCPA that was willful or knowing; 3) $500 per violation of the Maryland TCPA ("MD-TCPA"); 4) costs and attorneys' fees under the MD-TCPA; and 5) other relief that the court deems just. (Paper 2, at 20). Plaintiffs limit all of the aforementioned requested relief, stating: "Each Plaintiff seeks damages in the amount of $74,500 including all damages and costs recoverable on the merits, and no one plaintiff seeks damages in excess of $74,500." (*Id.*).

Plaintiffs insist that even if they were to receive the total amount of damages requested, no individual plaintiff would be awarded more than $74,500. Plaintiffs' complaint alleges that Defendant sent "millions" of commercial faxes "to facsimile numbers in Maryland, and to Plaintiffs." (*Id.* at ¶ 41). Plaintiffs' complaint also states, "Defendant caused thousands of advertisements to be transmitted to Plaintiffs' facsimile numbers in Maryland on dozens of dates during 1998, 1999, 2000, 2001, 2003, 2004, 2005, 2006, 2007, and 2008." (*Id.* at ¶ 69). Though Plaintiffs assert that all of the transmissions that Defendant sent to Plaintiffs violated the TCPA, Plaintiffs maintain, "Plaintiffs are not claiming statutory or actual

damages for 'millions' of faxes, or for any quantity that would raise any of their individual claims, including attorney's fees, above $74,500." (Paper 2 ¶ 69; Paper 9, at 1).

Defendant argues that Plaintiffs' motion to remand should be denied because Plaintiffs did not claim the amount in their complaint in good faith and because it is a legal certainty that at least one Plaintiff would recover more than $75,000 if Plaintiffs prevailed. (Paper 18, at 1). Defendant alleges that the TCPA and the MD-TCPA would permit Plaintiffs to recover up to $2,000 plus attorneys' fees for each unsolicited fax. (*Id.* at 3). Defendant calculates that a Plaintiff would only need to prove that Defendant sent thirty-eight unsolicited faxes to recover more than the $75,000 jurisdictional minimum. (*Id.* at 4). Defendant concludes that because Plaintiffs claim that Defendant sent "thousands" of unsolicited faxes to Plaintiffs, Plaintiffs have pled in bad faith that each Plaintiff's claim is limited to $74,500.

Furthermore, Defendant asserts that Plaintiffs' attorneys' fees are likely to bring at least one Plaintiff's total recovery over $75,000. (*Id.* at 5). Defendant maintains that Plaintiffs' *ad damnum* clause does not include the amount of attorneys' fees recoverable under the MD-TCPA. Defendant notes that the MD-TCPA allows for attorneys' fees and that "[i]f a state statute

provides for attorneys' fees, such fees are also included as part of the amount in controversy." *Id.*; *Momin*, 205 F.Supp.2d at 509.

Defendant argues that the court should adopt the approach discussed in *Momin*, 205 F.Supp. 2d. at 510. In *Momin*, the plaintiffs filed a motion to remand after the defendant removed the case to federal court. The plaintiffs specified the amount of damages they sought — $69,000 — but did not specify the amount of attorneys' fees they requested. (*Id.* at 509). The court gave both parties the opportunity to submit "summary judgment type evidence" on the potential amount of any award of attorneys' fees. (*Id.* at 510). Defendant asks the court to, at a minimum, afford Defendant the opportunity to conduct discovery to show that Plaintiffs' attorneys' fees would exceed $500 per Plaintiff. (Paper 18, at 6).

Plaintiffs counter that Defendant's analysis in reaching the amount in controversy is faulty for a number of reasons. Plaintiffs argue that Defendant has not produced evidence regarding the number of faxes it sent to at least one Plaintiff, and therefore has not proved to a "legal certainty" that a Plaintiff's recovery would exceed $75,000. Additionally, Plaintiffs state that Defendant's calculation of Plaintiffs' attorneys' fees is speculative.

As the amount each Plaintiff requested is less than $75,000, removal is only proper if Defendant can prove to a "legal certainty" that a Plaintiff would actually recover at least $75,000. *Delph*, 478 F.Supp. 2d. at 854; *Momin*, 205 F.Supp.2d at 509. Defendant has failed to meet this high burden. Defendant has only speculated that any one Plaintiff, if successful, would recover more than $75,000. Plaintiffs, in their complaint at the time of removal, limited their potential recovery to $74,500.

Furthermore, unlike the plaintiffs in *Momin*, Plaintiffs have represented that they request no more than $74,500 per Plaintiff, including damages, costs, and attorneys' fees. While the clause in Plaintiffs' complaint that limits the total monetary amount claimed by each Plaintiff does not mention attorneys' fees, the complaint states that Plaintiffs' request for "costs and attorney's fees under the MD-TCPA" is "subject to the limit stated below": $74,500 per Plaintiff total. (Paper 2, at 20). Furthermore, Plaintiffs clarified any ambiguity in their complaint in their motion to remand, which states: "Plaintiffs are not claiming statutory or actual damages . . . for any quantity that would raise any of their individual claims, including attorney's fees, above $74,500." (Paper 9, at 1). The court is relying on Plaintiffs' representation that

total recovery per plaintiff is limited to $74,500 including attorneys' fees and notes that any attempt by Plaintiffs to recover a greater sum upon remand may be barred by judicial estoppel.[1] Because each Plaintiff seeks relief less than the $75,000 threshold required for federal diversity jurisdiction, the court will remand the case to the Circuit Court for Montgomery County.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

[1] Judicial estoppel "prevents a party who successfully pursued a position in a prior legal proceeding from asserting a contrary position in a later proceeding." *Gordon v. Posner*, 142 Md.App. 399, 424 (Md.Ct.Spec.App. 2002), *cert. denied*, 369 Md. 180 (2002)(quotation marks omitted).